Fuchsberg, J.
(dissenting). The facts in this case speak for themselves.
An Assistant District Attorney undertook to influence the outcome of a pending burglary prosecution. In return for his efforts, he was first promised an initial payment of $6,500 in cash and later an additional $1,500, the latter solicited to pay the fee of the more compliant attorney whom he suggested be substituted as defense counsel in order to help him accomplish his purpose. The Assistant District Attorney further guaranteed that, if he did not succeed in keeping the burglary defendant out of jail, the $6,500 would be refundable. In arranging for the compliant defense counsel’s engagement, initiated and arranged personally by the Assistant District Attorney, the latter did not disclose the amount he had received for that purpose. As later established, the Assistant District Attorney and an intermediary who represented the burglary defendant in the bribe arrangement had agreed between themselves that, no matter what the outcome of the burglary prosecution, he was to “keep” the $1,500 or, presumably, the difference between that sum and whatever he actually paid over to compliant defense counsel.
In carrying out this plan, the Assistant District Attorney accepted the $6,500 on June 3,1977, engaged compliant defense counsel on June 6, 1977, then was paid the further sum of $1,500 on June 7 and, on June 27, was still awaiting the outcome on which his retention of the $6,500 was conditioned when he was apprehended.
*984 After a trial by jury, the Assistant District Attorney was convicted of bribe receiving in the second degree. This crime, as defined by section 200.10 of the Penal Law, occurs when “A public servant * * * solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced” (emphasis added).
For the part he played, the compliant defense counsel was convicted of what is now classified as criminal facilitation in the fourth degree. This crime, as defined by section 115.00 of the Penal Law, occurs when “A person * * * believing it probable that he is rendering aid to a person who intends to commit a crime * * * engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony”. The People now appeal from the order of the Appellate Division, which, without challenging the facts we have detailed, reversed the compliant counsel’s judgment of conviction.
To justify its result, the Appellate Division reasoned that, since, on June 3, the plot had progressed to a point where the Assistant District Attorney already had “accepted” the conditional payment of $6,500, his crime was “complete”, so that the successful recruitment of the compliant counsel on June 6 came too late to make it possible for him to “render aid” in the Assistant District Attorney’s commission of his crime. It is this conclusion which our court today accepts. It is because I cannot believe either common .sense or a reasonable application of the statutes involved will abide such a result that I must voice my disagreement.
True, in a limited sense, the Assistant District Attorney’s crime was “complete” when he “accepted” the $6,500. So, had his programmed criminal plan stopped at that point, the criminal activity in which he had already engaged would have been enough to support his conviction. But, it had been “complete” too when, on a preceding day, he had “agreed” to this arrangement; if the Appellate Division’s premise stands, anyone knowingly turning over the bribe money on the following day could not be said to be “rendering aid to a person who intends to commit a crime”. *985 Nor, in the semantic term in which the Appellate Division (but not the statute) chooses to speak, were these two events the only acts of “completion”. In its perspective, the on-going crime was “completed” once again when the Assistant District Attorney solicited the additional $1,500, and he then made it even more “complete” when he received and pocketed that money, which, as indicated, did not occur until after the compliant defense counsel had agreed to participate. And, even thereafter, while awaiting what he no doubt hoped would be the successful denouement of his efforts, the Assistant District Attorney still had to look forward to the acts of “completion” which would accompany the resolution of the conditions which would determine whether and how much of the moneys would remain his.
The reality is that, while conceivably the indictment for bribe receiving might have been handed down at any of the stages by which the Assistant District Attorney advanced his singular criminal enterprise, as parts of a whole each of these was embraced in an indictment which spanned the connected events running from the crime’s inception on May 27,1977 through the date of the arrest, June 27,1977. It specifically alleged, inter alia, that the Assistant District Attorney had “agreed” to a bribe of $6,500, that he actually had “accepted” this sum, that its retention was contingent on his success in avoiding incarceration for the defendant in the case in which he was intervening and that the compliant defense counsel had agreed to play the supporting role called for by the Assistant District Attorney’s script.
From all this, I would suggest that the simple answer to the Appellate Division’s “completion” theory is to ask further questions: “Completion” for what purpose? To support a particular indictment against a defendant for bribe receiving which involves, as the case may be, one or more of the related, though disjunctive, phases enumerated in the statutory definition of that crime? Or to support a prosecution for facilitation at one or more of the stages of a bribe receiving scenario, bearing in mind that conviction of facilitation can rest on conduct which aids another in committing a felony, including, of course, any phase of bribe *986 receiving and irrespective of whether the bribe receiver himself is prosecuted for his crime or not?
Therefore, in my view, a holding that the crime of facilitation would not be provable against one in the position of the compliant defense counsel under the facts and circumstances in this case could never have been within the contemplation of the Legislature which adopted the statutory scheme. It follows that the order of the Appellate Division should be reversed and the conviction reinstated.
Order affirmed, etc.